CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAY 22 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| EAST TENNESSEE NATURAL GAS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> .31 ACRES IN TAZEWELL COUNTY, ) <br> VIRGINIA, NORFOLK SOUTHERN ) <br> RAILWAY COMPANY, ) <br> ) <br> Defendant ) | Civil Action No. <br> 1:06-cv-00044 |

## ORDER

This case was referred pursuant to 28 U.S.C. § 636(b)(1)(B) to the Honorable Pamela Meade Sargent, United States Magistrate Judge. The Magistrate Judge has filed a report recommending that the Court bifurcate the proceedings regarding the plaintiff's right to condemn and motion for immediate possession from the just compensation proceedings, finding that the plaintiff has a right under the Natural Gas Act to condemn the properties at issue and granting the plaintiff's motion for immediate possession in this case. Objections to the report and recommendation have been filed, and the court, upon *de novo* review of the record, is of the opinion that the report should be adopted in all aspects except with regard to the Magistrate Judge's finding that the amount deposited into the court by the plaintiff in this case is a sufficient bond pursuant to Federal Rule of Civil Procedure 65(c). It is, accordingly,

## ADJUDGED and ORDERED

that the Magistrate Judge's report and recommendation be **ADOPTED** with regard to the above-styled case, with the exception that the Magistrate Judge's finding that the amount deposited into the court by the plaintiff in this case is a sufficient bond is **NOT ADOPTED.**

It is **FURTHER ORDERED** that East Tennessee Natural Gas, LLC, ("ETNG"), will be granted a preliminary injunction against the above-named defendant allowing ETNG to take immediate possession and use of an easement and right-of-way "to construct, operate, and maintain" the Jewell Ridge Lateral Pipeline Project and for the location of the "equipment necessary to the proper operation of such pipe line" as approved by the Federal Energy Regulatory Commission's February 8, 2006, Certificate of Public Convenience and Necessity and as specifically identified in the complaint and the attachments to the complaint filed in this case as soon as ETNG files proof to the court's satisfaction that it has obtained a bond or posted other security in the amount of $2 million for the payment of such costs and damages as may be incurred or suffered by the defendant as a result of being wrongfully enjoined or restrained.

It is **FURTHER ORDERED** that in exercising this right of immediate possession, ETNG shall not interfere with the defendant's right to maintain and operate its existing rail lines. Furthermore, ETNG, as it agreed in the hearings before the Magistrate Judge, shall abide by all of Norfolk Southern's requirements for the construction and maintenance of pipelines under its rail lines so as not to interfere with its rail operations.

The Clerk is directed to send certified copies of this Order to all counsel of record.

**ENTER:** This the 22nd day of May, 2006.

*[signature]*

SENIOR UNITED STATES DISTRICT JUDGE